Thomas S. Brandon, Jr.
Texas Bar No. 02881400
Robert A. Simon
Texas Bar No. 18390000
Rebecca K. Eaton
Texas Bar No. 24059705
**WHITAKER CHALK SWINDLE & SCHWARTZ, PLLC**
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Telephone: (817) 878-0532
Facsimile: (817) 878-0501
tbrandon@whitakerchalk.com
rsimon@whitakerchalk.com
reaton@whitakerchalk.com

**Attorneys for Balazs Defendants**[1]

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 15-40289-rfn11** |
| **LIFE PARTNERS HOLDINGS, INC.,** | § | |
| | § | **JOINTLY ADMINISTERED** |
| **Debtors.** | § | **(Chapter 11)** |
| | § | |
| **LIFE PARTNERS CREDITORS' TRUST and ALAN M. JACOBS, TRUSTEE** | § | |
| | § | |
| | § | **ADV. PRO. NO. 16-04036-rfn** |
| **vs.** | § | |
| | § | |
| | § | |
| **JAMES ALEXANDER, et al.** | § | |

**BALAZS DEFENDANTS' MOTION TO DISMISS AND/OR IN THE ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT**

---

[1] *Balazs Defendants includes: Melchor Balazs, Isabel Balazs, A. H. Brorman, Dorothy Brorman, Russel J. Cepelak, Steven B. Deck, John Russell Gove, Ronald Larry Hankins, Rex Hidle, Geoff B. Horst, Janet K. Horst, Geoff Horst and Janet Horst, as Joint Tenants, James T. Lee, David W. Lynn, John R. Murray, William Michael Tolleson, Dean Vagnozzi, Elizabeth A. Cline, Robert G. Westrup, Steven T. Gibson, Steve Brorman, John P. Ley, Susan Nieder-Cassel, Katherine A. Hufstetler, Hollis Steven Hufstetler, and David DeBusk.*

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Now come Balazs Defendants (as defined herein, namely, "Defendants"), namely, Melchor Balazs, Isabel Balazs, A. H. Brorman, Dorothy Brorman, Russel J. Cepelak, Steven B. Deck, John Russell Gove, Ronald Larry Hankins, Rex Hidle, Geoff B. Horst, Janet K. Horst, Geoff Horst and Janet Horst, as Joint Tenants, James T. Lee, David W. Lynn, John R. Murray, William Michael Tolleson, Dean Vagnozzi, Elizabeth A. Cline, Robert G. Westrup, Steven T. Gibson, Steve Brorman, John P. Ley, Susan Nieder-Cassel, Katherine A. Hufstetler, Hollis Steven Hufstetler, and David DeBusk, and file this Motion to Dismiss this Adversary Proceeding filed by Plaintiffs, Life Partners Creditors' Trust and Alan M. Jacobs, Trustee (both of whom are collectively referred to as the "Plaintiffs" or "Trustee"), pursuant to Fed. R. Civ. Proc. 9(b), Fed. R. Civ. Proc. 12(b)(1), and Fed. R. Civ. Proc. 12(b)(6) or, in the alternative, Motion for More Definite Statement pursuant to 12(e), and show this Court the following:

## I. SUMMARY/FACTUAL BACKGROUND

1. On March 11, 2016, the Trustee filed his Original Complaint against all Defendants in this Adversary Proceeding [Doc. 1]. **On January 20, 2017**, the Trustee filed his Amended Complaint against all Defendants. [Doc 41]. Such Amended Complaint is referred to herein as the "Complaint".

2. The Complaint claims that all transfers of property to the Defendants was part of a "scheme"**—**"devised and implemented" by **Life Partners—**to defraud third-party investors, resulting in Defendants receiving, as far back as 2008 dividend payments on stock that was owned by the Defendants.

3. The Trustee seeks to recover alleged fraudulent transfers under the Texas Uniform Fraudulent Transfer Act ("TUFTA"), Tex. Bus. & Comm. Code, Sec. 24.005(a)(1) and (2)(Counts 1 and 2) and 11 U.S.C. Sec. 548(a)(1)(A) and (B) of the Bankruptcy Code (Counts 3 and 4), and Preference payments to all Defendants under 11 U.S.C. Sec. 547 of the Bankruptcy Code (Count 5).

4. In addition to the general allegations asserted, no specific dates or pleadings with specificity are provided for any of the Trustee's allegations of fraudulent transfers and preference payments.

5. On June 12, 2017, a jury verdict was rendered in the case of *Life Partners Creditors' Trust and Alan M. Jacobs, Trustee v. Brian Pardo, et.al.*, Case No. 4:15-cv-00905-O, pending in the Northern District of Texas, in which the jury found against the Plaintiffs (same as the plaintiffs in this case on several of the claims that the Plaintiffs have made herein. The jury verdict returned in that case is *Doc No. 359* in that case on June 12, 2017. Any and all references to the Pardo verdict herein refer to that jury verdict which is public record.

6. Not only does the Trustee lack standing to some of the claims asserted in the Complaint, the claims also fail to meet pleading standards set forth in Rules 9 and 12 of the Federal Rules of Civil Procedure. Thus, Defendants are requesting that this Court dismiss the Complaint against all Defendants.

## II. MOTION TO DISMISS

7. Defendants request that the Court dismiss the Trustee's Complaint and entirely dismiss them from this adversary proceeding for the following reasons:

   a. **Rule 9(b)—Failure to Plead Fraudulent Transfer Claims with Required Particularity (Counts 1-4).** The Trustee fails to allege the circumstances constituting fraudulent transfers to the named and unnamed Defendants in this action. with the particularity required by Fed. R. Civ. Proc. 9(b).

   b. **Rule 12(b)(6)—Failure to State Claims (Counts 1-4 and 5).** The Trustee fails to state claims upon which relief can be granted because:

      (1) ***Statute of Limitations.*** Certain of the Trustee's claims of the Debtor Estate for fraudulent transfer (actual and constructive) are either extinguished or barred by limitations.

      (2) ***Contrary to Settled Law.*** The Trustee's fraudulent transfer claims, based on allegations that Defendants' conduct amounted to the equivalent of a Ponzi scheme, are contrary to Fifth Circuit law and the Pardo verdict which was rendered by the jury in the *Pardo litigation*.

(3) ***Preference Claim Fails to Identify and Antecedent Debts and/or Transfers within 90 Days of Petition Date.*** The Trustee's preference claim fails to identify that any of the Defendants were owed any antecedent debts or that any transfers occurred within 90 days of the original petition in bankruptcy. Further, the payments claimed as preference payments were actually dividends paid in the ordinary course of business. Further, any alleged preference claims made prior to 90 days of the filing of the petition in bankruptcy are barred by the applicable statute of limitations.

8. **Motion for More Definite Statement.** The Trustee has failed to plead sufficient facts and elements of the causes of action as identified herein to give the Defendants an opportunity to respond to the claims and prepare a defense. In the alternative to dismissal for failure to plead claims, Defendants request that, pursuant to Fed. R. Civ. P. 12(e), this Court, assuming the Court determines that it has subject matter jurisdiction of a claim, require the Trustee to more definitely state his claims against Defendants so that Defendants can reasonably prepare a response.

9. **Other Basis for Granting Relief is in the Brief in Support of this Motion.** In addition, the Defendants refer the Court to their Brief in Support of this Motion to Dismiss and/or in the Alternative Motion for Definite Statement which is being filed contemporaneously with this Motion for their additional reasons and basis for granting the relief as contained herein.

## III. RELIEF REQUESTED

WHEREFORE PREMISES CONSIDERED, Defendants pray that this Motion to Dismiss be **GRANTED** and that all claims against Defendants in this proceeding be dismissed, with prejudice for the reasons as stated herein and in Defendants' Brief in Support of Motion to Dismiss and/or in the Alternative, For More Definite Statement; or, in the alternative, that the Trustee be required to more definitely state its claims against Defendants for the reasons as stated herein.

Respectfully submitted,

/s/ Thomas S. Brandon, Jr.
Thomas S. Brandon, Jr.
Texas Bar Number 02881400
tbrandon@whitakerchalk.com
Robert A. Simon
Texas Bar Number 18390000
rsimon@whitakerchalk.com
Rebecca K. Eaton
State Bar Number 24059705
reaton@whitakerchalk.com

**WHITAKER CHALK SWINDLE & SCHWARTZ PLLC**
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
817-878-0532 (direct dial)
817-878-0501 (fax)

**ATTORNEYS FOR BALAZS DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was served, pursuant to the Federal Rules of Civil Procedure, on attorneys for the Plaintiffs and on all counsel appearing herein via ECF on this the 30th day of June, 2017, and specifically on the following via ECF and by email:

David M. Bennett
Nicole Williams
Jennifer R. Ecklund
Thompson & Knight LLP
1722 Routh Street, Suite 1500
Dallas, Texas 75201

/s/ Thomas S. Brandon, Jr.
Thomas S. Brandon, Jr.