Thomas S. Brandon, Jr.
Texas Bar No. 02881400
Robert A. Simon
Texas Bar No. 18390000
Rebecca K. Eaton
Texas Bar No. 24059705
**WHITAKER CHALK SWINDLE
& SCHWARTZ, PLLC**
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Telephone: (817) 878-0532
Facsimile: (817) 878-0501
tbrandon@whitakerchalk.com
rsimon@whitakerchalk.com
reaton@whitakerchalk.com

**Attorneys for Balazs Defendants[1]**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 15-40289-rfn11** |
| **LIFE PARTNERS HOLDINGS, INC.,** | § | |
| | § | **JOINTLY ADMINISTERED** |
| Debtors. | § | **(Chapter 11)** |
| | § | |
| | § | |
| **LIFE PARTNERS CREDITORS' TRUST** | § | |
| **and ALAN M. JACOBS, TRUSTEE** | § | |
| | § | **ADV. PRO. NO. 16-04036-rfn** |
| vs. | § | |
| | § | |
| **JAMES ALEXANDER, et al.** | § | |
| | § | |

## BALAZS DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S
## SECOND AMENDED CLASS ACTION COMPLAINT

---

[1] *Balazs Defendants includes: Melchor Balazs, Isabel Balazs, A. H. Brorman, Dorothy Brorman, Russel J. Cepelak, Steven B. Deck, John Russell Gove, Ronald Larry Hankins, Rex Hidle, Geoff B. Horst, Janet K. Horst, Geoff Horst and Janet Horst, as Joint Tenants, James T. Lee, David W. Lynn, John R. Murray, William Michael Tolleson, Dean Vagnozzi, Elizabeth A. Cline, Robert G. Westrup, Steven T. Gibson, Steve Brorman, John P. Ley, Susan Nieder-Cassel, Katherine A. Hufstetler, Hollis Steven Hufstetler, and David DeBusk.*

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Now come Balazs Defendants (as defined herein, namely, "Defendants"), namely, Melchor Balazs, Isabel Balazs, A. H. Brorman, Dorothy Brorman, Russel J. Cepelak, Steven B. Deck, John Russell Gove, Ronald Larry Hankins, Rex Hidle, Geoff B. Horst, Janet K. Horst, Geoff Horst and Janet Horst, as Joint Tenants, James T. Lee, David W. Lynn, John R. Murray, William Michael Tolleson, Dean Vagnozzi, Elizabeth A. Cline, Robert G. Westrup, Steven T. Gibson, Steve Brorman, John P. Ley, Susan Nieder-Cassel, Katherine A. Hufstetler, Hollis Steven Hufstetler, and David DeBusk, and, pursuant to Fed. R. Civ. Proc. 12(a), file this their Original Answer ("Answer") to Plaintiffs' Second Amended Class Action Complaint ("Complaint") and in their defense would show the Court the following:

## I.    INTRODUCTION

1.    Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 1 of the Complaint.

2.    Defendants admit the first sentence of paragraph no. 2 of the Complaint. Otherwise, Defendants deny all of the other factual allegations, conclusions, and statements contained in paragraph no. 2 of the Complaint.

3.    Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 3 of the Complaint.

4.    Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 4 of the Complaint.

5.    Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 5 of the Complaint.

6. Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 6 of the Complaint.

7. Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 7 of the Complaint.

8. Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 8 of the Complaint.

9. Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 9 of the Complaint.

10. Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 10 of the Complaint.

11. Defendants admit that they received some dividends as cash or stock during the time specified, otherwise Defendants deny all of the other factual allegations, conclusions, and statements contained in paragraph no. 11 of the Complaint.

12. Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 12 of the Complaint.

13. Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 13 of the Complaint.

14. Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 14 of the Complaint.

## II.  PARTIES

13. [sic] Defendants admit the allegation regarding the Creditors' Trust being an entity which can be served through it counsel.

15.      Defendants admit the allegation that the Trustee is an individual and may be served through its counsel.

16.      Defendants admit the factual allegations concerning residency of James Alexander as contained in paragraph no. 16 of the Complaint.

17.      Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 17 of the Complaint.

18.      Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 18 of the Complaint.

19.      Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 19 of the Complaint.

20.      Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 20 of the Complaint.

21.      Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 21 of the Complaint.

22.      Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 22 of the Complaint.

23.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 23 of the Complaint.

24.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 24 of the Complaint.

25.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 25 of the Complaint.

26.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 26 of the Complaint.

27.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 27 of the Complaint.

28.     Defendants admit the factual allegations concerning residency of William Michael Tolleson as contained in paragraph no. 28 of the Complaint.

29.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 29 of the Complaint.

30.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 30 of the Complaint.

31.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 31 of the Complaint.

32.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 32 of the Complaint.

33.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 33 of the Complaint.

34.     Defendants admit the factual allegations concerning residency of A.H. Brorman as contained in paragraph no. 34 of the Complaint.

35.     Defendants admit the factual allegations concerning residency of Dorothy Brorman as contained in paragraph no. 35 of the Complaint.

36.     Defendants admit the factual allegations concerning residency of Steve Brorman as contained in paragraph no. 36 of the Complaint.

37.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 37 of the Complaint.

38.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 38 of the Complaint.

39.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 39 of the Complaint.

40.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 40 of the Complaint.

41.     Defendants admit the factual allegations concerning residency of Russell J. Cepelak as contained in paragraph no. 41 of the Complaint.

42.     Defendants admit the factual allegations concerning residency of Elizabeth A. Cline as contained in paragraph no. 42 of the Complaint.

43.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 43 of the Complaint.

44.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 44 of the Complaint.

45.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 45 of the Complaint.

46.     Defendants admit the factual allegations concerning residency of Clair Crossland as contained in paragraph no. 46 of the Complaint.

47.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 47 of the Complaint.

48.     Defendants admit the factual allegations concerning residency of David R. DeBusk as contained in paragraph no. 48 of the Complaint.

49.     Defendants admit the factual allegations concerning residency of Steven B. Deck as contained in paragraph no. 49 of the Complaint.

50.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 50 of the Complaint.

51.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 51 of the Complaint.

52.     Defendants admit the factual allegations concerning residency of Steven T. Gibson as contained in paragraph no. 52 of the Complaint.

53.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 53 of the Complaint.

54.     Defendants admit the factual allegations concerning residency of Rex Hidle as contained in paragraph no. 54 of the Complaint.

55.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 55 of the Complaint.

56.     Defendants admit the factual allegations concerning residency of William Hinds as contained in paragraph no. 56 of the Complaint.

57.     Defendants admit the factual allegations concerning residency of Geoff B. Horst as contained in paragraph no. 57 of the Complaint.

58.     Defendants admit the factual allegations concerning residency of Janet K. Horst as contained in paragraph no. 58 of the Complaint.

59.     Defendants admit the factual allegations concerning residency of Hollis Steven Hufstetler contained in paragraph no. 59 of the Complaint.

60.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 60 of the Complaint.

61.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 61 of the Complaint

62.     Defendants admit the factual allegations concerning residency of James T. Lee as contained in paragraph no. 62 of the Complaint.

63.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 63 of the Complaint.

64.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 64 of the Complaint.

65.     Defendants admit the factual allegations concerning residency of John P. Ley as contained in paragraph no. 65 of the Complaint.

66.     Defendants admit the factual allegations concerning residency of David W. Lynn contained in paragraph no. 66 of the Complaint.

67.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 67 of the Complaint.

68.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 68 of the Complaint.

69.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 69 of the Complaint.

70.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 70 of the Complaint.

71.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 71 of the Complaint.

72.     Defendants admit the factual allegations concerning residency of John R. Murray as contained in paragraph no. 72 of the Complaint.

73.     Defendants admit the factual allegations concerning residency of Susan Nieder-Cassel contained in paragraph no. 73 of the Complaint.

74.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 74 of the Complaint.

75.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 75 of the Complaint.

76.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 76 of the Complaint.

77.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 77 of the Complaint.

78.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 78 of the Complaint.

79.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 79 of the Complaint.

80.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 80 of the Complaint.

81.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 81 of the Complaint.

82.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 82 of the Complaint.

83.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 83 of the Complaint.

84.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 84 of the Complaint.

85.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 85 of the Complaint.

86.     Defendants admit the factual allegations concerning residency of Dean Vagnozzi contained in paragraph no. 86 of the Complaint.

87.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 87 of the Complaint.

88.     Defendants admit the factual allegations concerning residency of Robert G. Westrup contained in paragraph no. 88 of the Complaint.

89.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 89 of the Complaint.

90.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 90 of the Complaint.

91.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 91 of the Complaint.

92.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 92 of the Complaint.

93.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 93 of the Complaint.

94.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 94 of the Complaint.

95.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 95 of the Complaint.

96.      Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 96 of the Complaint.

97.      Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 97 of the Complaint.

98.      Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 98 of the Complaint.

99.      Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 99 of the Complaint.

100.      Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 100 of the Complaint.

101.      Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 101 of the Complaint.

102.      Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 102 of the Complaint.

103.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 103 of the Complaint.

104.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 104 of the Complaint.

105.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 105 of the Complaint.

106.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 106 of the Complaint.

107.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 107 of the Complaint.

108.    Defendants admit the factual allegations concerning residency of Geoff Horst and Janet Horst, as joint tenants, as contained in paragraph no. 108 of the Complaint.

109.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 109 of the Complaint.

110.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 110 of the Complaint.

111.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 111 of the Complaint.

112.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 112 of the Complaint.

113.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 113 of the Complaint.

114.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 114 of the Complaint.

115.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 115 of the Complaint.

116.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 116 of the Complaint.

117.    Defendants admit the factual allegations concerning residency of John Russell Gove as contained in paragraph no. 117 of the Complaint.

118. Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 118 of the Complaint.

119. Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 119 of the Complaint.

120. Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 120 of the Complaint.

121. Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 121 of the Complaint.

122. Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 122 of the Complaint.

123. Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 123 of the Complaint.

124. Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 124 of the Complaint.

125.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 125 of the Complaint.

126.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 126 of the Complaint.

127.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 127 of the Complaint.

128.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 128 of the Complaint.

129.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 129 of the Complaint.

130.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 130 of the Complaint.

131.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 131 of the Complaint.

132.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 132 of the Complaint.

133.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 133 of the Complaint.

134.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 134 of the Complaint.

135.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 135 of the Complaint.

136.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 136 of the Complaint.

137.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 137 of the Complaint.

138.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 138 of the Complaint.

139.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 139 of the Complaint.

140.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 140 of the Complaint.

141.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 141 of the Complaint.

142.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 142 of the Complaint.

143.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 143 of the Complaint.

144.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 144 of the Complaint.

145.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 145 of the Complaint.

146.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 146 of the Complaint.

147.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 147 of the Complaint.

148.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 148 of the Complaint.

149.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 149 of the Complaint.

150.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 150 of the Complaint.

151.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 151 of the Complaint.

152.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 152 of the Complaint.

153.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 153 of the Complaint.

154.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 154 of the Complaint.

155.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 155 of the Complaint.

156.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 156 of the Complaint.

157.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 157 of the Complaint.

158.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 158 of the Complaint.

159.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 159 of the Complaint.

160.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 160 of the Complaint.

161.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 161 of the Complaint.

162.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 162 of the Complaint.

163.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 163 of the Complaint.

164.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 164 of the Complaint.

165.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 165 of the Complaint.

166.     Defendants admit the factual allegations concerning residency of Melchor Balazs as contained in paragraph no. 166 of the Complaint.

167.     Defendants admit the factual allegations concerning residency of Isabel Balazs as contained in paragraph no. 167 of the Complaint.

168.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 168 of the Complaint.

169.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 169 of the Complaint.

170.     Defendants admit the factual allegations concerning residency of Ronald Larry Hankins as contained in paragraph no. 170 of the Complaint.

171.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 171 of the Complaint.

172.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 172 of the Complaint.

173.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 173 of the Complaint.

174.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 174 of the Complaint.

175.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 175 of the Complaint.

176.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 176 of the Complaint.

177.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 177 of the Complaint.

178.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 178 of the Complaint.

179.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 179 of the Complaint.

180.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 180 of the Complaint.

181.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 181 of the Complaint.

182.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 182 of the Complaint.

183.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 183 of the Complaint.

184.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 184 of the Complaint.

185.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 185 of the Complaint.

186.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 186 of the Complaint.

187.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 187 of the Complaint.

188.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 188 of the Complaint.

189.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 189 of the Complaint.

190.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 190 of the Complaint.

191.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 191 of the Complaint.

192.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 192 of the Complaint.

193.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 193 of the Complaint.

194.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 194 of the Complaint.

195.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 195 of the Complaint.

196.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 196 of the Complaint.

197.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 197 of the Complaint.

198.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 198 of the Complaint.

199.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 199 of the Complaint.

200.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 200 of the Complaint.

201.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 201 of the Complaint.

202.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 202 of the Complaint.

203.     Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 203 of the Complaint.

204.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 204 of the Complaint.

205.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 205 of the Complaint.

206.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 206 of the Complaint.

207.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 207 of the Complaint.

208.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 208 of the Complaint.

209.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 209 of the Complaint.

210.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 210 of the Complaint.

211.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 211 of the Complaint.

212.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 212 of the Complaint.

213.    Defendants have insufficient knowledge to form a basis to either admit or deny the allegations concerning residency and service on the named Defendant in paragraph no. 213 of the Complaint.

### III.        JURISDICTION AND VENUE

214.    As to paragraph 214 of the Complaint, Defendants admit the allegations of federal jurisdiction and Plaintiff claims this as a core proceeding, except that Defendants only admit that the same are conclusions and/or allegations giving rise to the claim of federal jurisdiction and otherwise deny that the factual allegations and factual and legal conclusions forming the basis that such claimed jurisdiction occurred as contained in the first three sentences of this paragraph. Defendants deny the last sentence in paragraph 214 as venue is not proper as to all of the Defendants.  Defendants object to being sued in this present U.S. District as they are entitled to be sued **only** in the U.S. District of their residency as each of the Defendants who reside outside of the Northern District of Texas have been sued for less than $12,850.00 and pursuant to 28 U.S.C. Sec. 1409, which prescribes mandatory venue for these Defendants.  As a result, most of these Defendants have a right to have the claims against them either transferred to the appropriate venue of the U.S. District Court of their residency or dismissed.

215.     As to paragraph 215 of the Complaint, Defendants admit the allegations of the alleged statutory bases for the relief the Plaintiff has requested as stated in that paragraph, except that Defendants only admit that the same are conclusions and/or allegations giving rise to the claim of federal jurisdiction and otherwise deny that the factual allegations and factual and legal conclusions forming the statutory basis for the relief requested by the Plaintiff.

216.     Defendants deny that the Plaintiff(s) have standing to bring this action against these Defendants as alleged in paragraph 216 of the Complaint.

## IV.     ASSIGNED CLAIMS

217.     Defendants have insufficient knowledge to either admit or deny the allegations as contained in paragraph no. 217 relating to the alleged assignment of Reorganized Debtors' claims.

218.     Defendants have insufficient knowledge to either admit or deny the allegations as contained in paragraph no. 218 relating to the alleged assignment of claims from the Reorganized Debtors.

219.     Defendants admit the allegation in paragraph 219 of the Complaint relating to the appointment of Jacobs as the Trustee of the Creditors' Trust.

220.     Defendants need not admit or deny paragraph 220 as the same does not contain any factual allegations, conclusions, or statement but is merely a statement about what the Plaintiffs will allege in the Complaint.  To the extent that an admission or denial is required, Defendants deny the statement and conclusion as contained in paragraph 220 of the Complaint.

## V.     FACTUAL BACKGROUND

221.     Defendants admit the factual statements as contained in paragraph no. 221 of the Complaint.

222.     Defendants admit the factual statements as contained in paragraph no. 222 of the Complaint.

223.     Defendants admit the factual statements as contained in paragraph no. 223 of the Complaint.

224.     Defendants admit the factual statements as contained in paragraph no. 224 of the Complaint.

225.     Defendants admit the factual statements as contained in paragraph no. 225 of the Complaint.

226.     Defendants admit the factual statements as contained in paragraph no. 226 of the Complaint.

227.     Defendants admit the factual statements as contained in paragraph no. 227 of the Complaint.

228.     Defendants admit the factual statements as contained in paragraph no. 228 of the Complaint.

229.     Defendants admit the factual statements as contained in paragraph no. 229 of the Complaint.

230.     Defendants have insufficient knowledge to either admit or deny the allegations as contained in paragraph no. 230 relating to the alleged assignment of claims from the reorganized Debtors.

231.     Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 231 of the Complaint.

232.     Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 232 of the Complaint.

233. Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 233 of the Complaint.

234. Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 234 of the Complaint.

235. Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 235 of the Complaint.

236. Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 236 of the Complaint.

237. Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 237 of the Complaint.

238. Defendants have insufficient knowledge to either admit or deny the allegations as contained in paragraph no. 238 relating to the alleged assignment of claims from the reorganized Debtors.

239. Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 239 of the Complaint.

240. Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 240 of the Complaint.

241. Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 241 of the Complaint.

242. Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 242 of the Complaint.

243. Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 243 of the Complaint.

244.    Defendants deny the allegation of "As Investors became aware of the misrepresentation and their losses," as contained in paragraph no. 244 of the Complaint. Otherwise, Defendants have insufficient knowledge to either admit or deny the other allegations in paragraph no. 244 relating to the alleged assignment of claims from the reorganized Debtors.

245.    Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 245 of the Complaint.

246.    Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 246 of the Complaint.

247.    Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 247 of the Complaint.

248.    Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 248 of the Complaint.

249.    Defendants have insufficient knowledge to either admit or deny the allegations as contained in paragraph no. 249 relating to the alleged assignment of claims from the reorganized Debtors.

250.    Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 250 of the Complaint.

251.    Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 251 of the Complaint.

252.    Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 252 of the Complaint.

253.    Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 253 of the Complaint.

254.    Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 254 of the Complaint.

255.    Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 255 of the Complaint.

256.    Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 256 of the Complaint.

257.    Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 257 of the Complaint.

258.    Defendants deny all of the factual allegations, conclusions, and statements contained in the first three sentences of paragraph no. 258 of the Complaint.  Defendants need not admit or deny the statements of what the Plaintiff perceives as applicable case law as contained in the remainder of paragraph no. 258 as it does not constitute an allegation of fact.  Notwithstanding the same, Defendants deny that Plaintiff has correctly stated the applicable law with respect to the relevant facts related to the discovery rule.

259.    Defendants have insufficient knowledge to either admit or deny the allegations as contained in paragraph no. 259 relating to the alleged assignment of claims from the reorganized Debtors.

260.    Defendants have insufficient knowledge to either admit or deny the allegations as contained in paragraph no. 260 relating to the alleged assignment of claims from the reorganized Debtors.

261.    Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 261 of the Complaint.

262.     Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 262 of the Complaint.

263.     Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 263 of the Complaint.

## VI.     CLASS ACTION ALLEGATIONS

264.     Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 264 of the Complaint.

265.     Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 265 of the Complaint relating to this action being a class action or that the named Defendants are proper class representatives.

266.     Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 266 of the Complaint relating to the creation of subclasses to the alleged class action.

267.     Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 267 of the Complaint that this action is maintainable as a class action under FRBP 7023 or TRCP 23(a) and 23(b)(1).

268.     In regards to paragraph no. 268 of the Complaint, Defendants are not required to admit or deny allegations made by Plaintiff based upon "information and belief" as the same does not amount to a statement or allegation of fact. Rather the basis of such allegation is what the Plaintiff hopes is true not based on evidence.  Notwithstanding the fact that no admission or denial is required, Defendants do hereby deny all of the factual allegations, conclusions, and statements contained in paragraph no. 268 of the Complaint.

269.     Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 269 of the Complaint.

270.     Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 270 of the Complaint.

271.     Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 271 of the Complaint.

272.     Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 272 of the Complaint.

273.     Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 273 of the Complaint.

274.     Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 274 of the Complaint.

## VII.         CLAIMS

**Count 1:**     **Actual Fraudulent Transfer – TEX. BUS. & COMM. CODE § 24.005(a)(1) through 11 U.S.C. §§ 544, 550, 551 (against all Defendants, the Defendant Class, and all Defendant Subclasses)**

275.     Defendants do not need to admit or deny the statement contained in paragraph no. 275 of the Complaint as the same is a statement incorporating preceding paragraphs as if set forth fully herein.  In that regard, Defendants do incorporate all of their responses contained in the preceding paragraphs as if they were set forth fully herein.

276.     Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 276 of the Complaint as to the statement as to why Plaintiff has filed this action as a class action lawsuit.

277.    Defendants admit the allegation in paragraph no. 277 of the Complaint as to what the Plaintiffs represent that they are contending in this action, but deny the factual allegations and statement upon which the stated claims are based or that the claimed transfers are capable of being avoided.

278.    Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 278 of the Complaint.

279.    Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 279 of the Complaint.

280.    Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 280 of the Complaint.

281.    Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 281 of the Complaint.

282.    Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 282 of the Complaint.

283.    Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 283 of the Complaint.

284.    Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 284 of the Complaint.

285.    Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 285 of the Complaint.

286.    Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 286 of the Complaint.

287.     Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 287 of the Complaint.

288.     Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 288 of the Complaint.

**Count 2:**     **Constructive Fraudulent Transfer –TEX. BUS. & COMM. CODE § 24.005(a)(2) through 11 U.S.C. §§ 544, 550, 551 (against Defendant representatives and named or unnamed members of the 2011-2013 Subclass, the 2013-2015 Subclass, and the Insider 2014-2015 Subclass,** *see* **¶ 271)**

289.     Defendants do not need to admit or deny the statement contained in paragraph no. 289 of the Complaint as the same is a statement incorporating preceding paragraphs as if set forth fully herein.  In that regard, Defendants do incorporate all of their responses contained in the preceding paragraphs as if they were set forth fully herein.

290.     Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 290 of the Complaint as to the statement as to why Plaintiff has filed this action as a class action lawsuit to recover dividends paid to the Defendants.

291.     Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 291 of the Complaint.

292.     Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 292 of the Complaint.

293.     Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 293 of the Complaint.

294.     Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 294 of the Complaint.

295.     Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 295 of the Complaint.

296.     Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 296 of the Complaint.

297.     Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 297 of the Complaint.

298.     Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 298 of the Complaint.

299.     Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 299 of the Complaint.

300.     Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 300 of the Complaint.

**Count 3:**     **Actual Fraudulent Transfer – 11 U.S.C. §§ 548(a)(1)(A), 550, 551 (against Defendant representatives and named or unnamed members of the 2013-2015 Subclass and the Insider 2014-2015 Subclass,** *see* **¶ 271)**

301.     Defendants do not need to admit or deny the statement contained in paragraph no. 301 of the Complaint as the same is a statement incorporating preceding paragraphs as if set forth fully herein.  In that regard, Defendants do incorporate all of their responses contained in the preceding paragraphs as if they were set forth fully herein.

302.     Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 302 of the Complaint as to the statement as to why Plaintiff has filed this action as a class action lawsuit to recover dividends (alleged to be "transfers") paid to the Defendants.

303.     Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 303 of the Complaint.

304.     Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 304 of the Complaint.

305.     Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 305 of the Complaint.

306.     Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 306 of the Complaint.

307.     Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 307 of the Complaint.

308.     Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 308 of the Complaint.

**Count 4:** **Constructive Fraudulent Transfer – 11 U.S.C. §§ 548(a)(1)(B), 550, 551 (against Defendant representatives and named or unnamed members of the 2013-2015 Subclass and the Insider 2014-2015 Subclass,** *see* **¶ 271)**

309.     Defendants do not need to admit or deny the statement contained in paragraph no. 309 of the Complaint as the same is a statement incorporating preceding paragraphs as if set forth fully herein.  In that regard, Defendants do incorporate all of their responses contained in the preceding paragraphs as if they were set forth fully herein.

310.     Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 310 of the Complaint as to the statement as to why Plaintiff has filed this action as a class action lawsuit to recover dividends (alleged to be "transfers") paid to the Defendants.

311.    Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 311 of the Complaint.

312.    Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 312 of the Complaint.

313.    Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 313 of the Complaint.

314.    Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 314 of the Complaint.

315.    Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 315 of the Complaint.

316.    Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 316 of the Complaint.

317.    Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 317 of the Complaint.

318.    Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 318 of the Complaint.

**Count 5:**    **Preferences – 11 U.S.C. §§ 547, 550, 551 (against Defendant representatives and named or unnamed members of the Insider 2014-2015 Subclass,** *see* **¶ 271)**

319.    Defendants do not need to admit or deny the statement contained in paragraph no. 319 of the Complaint as the same is a statement incorporating preceding paragraphs as if set forth fully herein.  In that regard, Defendants do incorporate all of their responses contained in the preceding paragraphs as if they were set forth fully herein.  Further, Defendants deny that Plaintiff

may assert this claim against these Defendants as the Court granted Defendants' Motion to Dismiss this Count 5 in its order dated December 1, 2017 [DOC 397].

320. Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 320 of the Complaint. Further, Defendants deny that Plaintiff may assert this claim against these Defendants as the Court granted Defendants' Motion to Dismiss this Count 5 in its order dated December 1, 2017 [DOC 397].

321. Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 321 of the Complaint. Further, Defendants deny that Plaintiff may assert this claim against these Defendants as the Court granted Defendants' Motion to Dismiss this Count 5 in its order dated December 1, 2017 [DOC 397].

322. Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 322 of the Complaint. Further, Defendants deny that Plaintiff may assert this claim against these Defendants as the Court granted Defendants' Motion to Dismiss this Count 5 in its order dated December 1, 2017 [DOC 397].

323. Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 323 of the Complaint. Further, Defendants deny that Plaintiff may assert this claim against these Defendants as the Court granted Defendants' Motion to Dismiss this Count 5 in its order dated December 1, 2017 [DOC 397].

324. Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 324 of the Complaint. Further, Defendants deny that Plaintiff may assert this claim against these Defendants as the Court granted Defendants' Motion to Dismiss this Count 5 in its order dated December 1, 2017 [DOC 397].

325.    Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 325 of the Complaint.  Further, Defendants deny that Plaintiff may assert this claim against these Defendants as the Court granted Defendants' Motion to Dismiss this Count 5 in its order dated December 1, 2017 [DOC 397].

326.    Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 326 of the Complaint.  Further, Defendants deny that Plaintiff may assert this claim against these Defendants as the Court granted Defendants' Motion to Dismiss this Count 5 in its order dated December 1, 2017 [DOC 397].

327.    Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 327 of the Complaint.  Further, Defendants deny that Plaintiff may assert this claim against these Defendants as the Court granted Defendants' Motion to Dismiss this Count 5 in its order dated December 1, 2017 [DOC 397].

328.    Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 328 of the Complaint.  Further, Defendants deny that Plaintiff may assert this claim against these Defendants as the Court granted Defendants' Motion to Dismiss this Count 5 in its order dated December 1, 2017 [DOC 397].

329.    Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 329 of the Complaint.  Further, Defendants deny that Plaintiff may assert this claim against these Defendants as the Court granted Defendants' Motion to Dismiss this Count 5 in its order dated December 1, 2017 [DOC 397].

**Count 6:        Disallowance of Defendants' Claims - 11 U.S.C. § 502(d) (against all Defendants, the Defendant Class, and all Defendant Subclasses)**

330.    Defendants do not need to admit or deny the statement contained in paragraph no. 330 of the Complaint as the same is a statement incorporating preceding paragraphs as if set forth

fully herein. In that regard, Defendants do incorporate all of their responses contained in the preceding paragraphs as if they were set forth fully herein.

331. Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 331 of the Complaint.

## VIII. ATTORNEYS' FEES

332. Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 332 of the Complaint specifically that the Plaintiffs are entitled to attorneys' fees.

333. Defendants deny all of the factual allegations, conclusions, and statements contained in paragraph no. 333 of the Complaint specifically that the Plaintiffs are entitled to attorneys' fees.

## IX. PRAYER

Defendants deny that Plaintiffs are entitled to any relief requested in their prayer for relief including specifically sub paragraphs (a) – (f) of the said Prayer.

## DEFENDANTS' AFFIRMATIVE DEFENSES

In addition to the factual and legal denials stated above, Defendants set forth the following Affirmative Defenses to the allegations contained in the Complaint. Defendants reserve the right to amend this Answer with additional defenses as further information is obtained. Plaintiff's claims are barred, in whole or in part, by the following:

## First Affirmative Defense

1. The Trustee has failed to state a claim for which relief may be granted.

## Second Affirmative Defense

2.     The Trustee's claims are barred to the extent that the alleged transfers are subject to the doctrines of setoff and/or recoupment.

### Third Affirmative Defense

3.     The Trustee's claims are barred to the extent that they are outside the applicable limitations period relative to the Trustee's claims asserted in Counts 1 – 4 of the Second Amended Class Action Complaint.

### Fourth Affirmative Defense

4.  Defendants would show that the Trustee's claims asserted pursuant to 11 U.S.C. § 547 beyond the 90 days allowed in 11 U.S.C. § 547(b)(4)(A) fail as a matter of law due to the fact that none of the Defendants were "insiders" as that term is defined in the Bankruptcy Code and preference period of non-insiders is the last 90 days before the petition date

5.  In addition, the Court has dismissed Plaintiff's claim for Preferences (Count 5) due to the Court granting Defendants' Motion to Dismiss Count 5 in its order dated December 1, 2017 [DOC 397].

### Fifth Affirmative Defense

6.  The Complaint fails to identify the specific transferor of the alleged fraudulent transfers, the date of the alleged transfers, the transferees of specific transfers,  the amounts of the transfers, or what the Debtor(s) received in exchange, as to any specific Defendant,.  The claim pleaded in Counts 1-4 is merely a prolix recitation of the elements of the cause of action, without any specific facts in support.

### Sixth Affirmative Defense

6.     The Complaint fails to identify the alleged antecedent debt(s) owed by the Debtor(s) to any Defendant in Count 5.

## Seventh Affirmative Defense

7.    The Trustee is barred from avoiding certain of the alleged preferential transfers to these Defendants because some of the payments made to Defendants, if any, within the applicable preference period (which Defendants contend to be ninety (90) days of the filing of this bankruptcy action) were intended by the Debtor(s) and Defendants to be contemporaneous exchanges for new value given to the Debtor(s) within the meaning of 11 U.S.C. § 547(c)(1) and, in fact, the payments were substantially contemporaneous exchanges for new value given to the Debtor(s).

## Eighth Affirmative Defense

8.    Pleading alternatively, the Trustee is barred from avoiding the alleged preferential transfer to the Defendants because any payments made to such Defendants, if any, within the applicable preference period (which Defendants contend to be ninety (90) days of the filing of this bankruptcy action) were payments of debts: (1) incurred by the Debtor(s) in the ordinary course of business or financial affairs of the Debtor(s) and Defendants; (2), the alleged transfers (payments) were made in the ordinary course of business or financial affairs of the Debtors and the Defendants; and (3) the alleged transfers (payments) were made according to ordinary business terms,,allwithin the meaning of 11 U.S.C. § 547(c)(2).

## Ninth Affirmative Defense

9.    Pleading alternatively, the Trustee is barred from avoiding the alleged preferential transfers to these Defendants pursuant to 11 U.S.C. § 547(c)(4) because any payments made to Defendants, if any, within the applicable preference period (Defendants contend to be ninety (90) days of the filing of this bankruptcy action) were offset, to the extent that, after such payment(s), the Defendants gave new value to or for benefit of the Debtor(s) and such new value was not secured by an otherwise unavoidable security interest, and on account of which new value, the

Debtor(s) did not make an otherwise unavoidable transfer to or for the benefit of such Defendant(s).

## Tenth Affirmative Defense

10.     Pleading alternatively, the alleged payments, if any, to Defendants do not qualify as preferential payment within the meaning of 11 U.S.C. § 547(b) in that there was no antecedent debt, and/or any payment which was made was not made while the Debtor(s) were insolvent and the Trustee should not be allowed to set aside any such transfer as to these Defendants.

## Eleventh Affirmative Defense

11.     Pleading alternatively, the alleged payments, if any, to Defendants do not qualify as fraudulent transfers within the meaning of 11 U.S.C. § 548((a)(1)(A) as each of the Defendants in their transactions and business with the Debtors gave reasonably equivalent to the Debtor(s) in exchange for any transfers received, and operated and conducted themselves in good faith, without knowledge of the voidability of any such transfers.  As a result, the Trustee may not avoid or recovery  any such transfer as to these Defendants

## Twelfth Affirmative Defense

12.     Pleading alternatively, the alleged transfers, if any, made to Defendants (whether under Counts 1 – 4 or Count 5) were not made by the Debtors at any time while the Debtors were insolvent.

## Mandatory Venue Provision

13.     Pursuant to 28 U.S.C. § 1409, which prescribes mandatory venue for these Defendants and this type of action (which venue provision is alleged and judicially admitted by the Plaintiffs as being applicable in paragraph no. 214 of the Complaint), each of the Defendants, individually, has a right to be sued only in the U.S. District of their residency if they have been

sued for less than $12,850.00. Each of these Defendants who can demonstrate that their residency is in another U.S. District other than the Northern District of Texas, where this action is presently pending and was at the time of the filing of this action, is entitled to file either a motion to dismiss or motion to transfer venue in order to effect the change in light of the mandatory venue provision in 28 U.S.C. § 1409(b). To the extent that they need to do so, the Defendants file this Answer subject to any Motion to Dismiss or Motion to Transfer Venue which they may file to address this mandatory venue.

## Laches

14. Pleading alternatively, the Plaintiff Trustee is barred from seeking to set aside these alleged transfers based upon the doctrine of laches and the Trustee should therefore not be allowed to set aside any such transfers as to this Defendant.

## Equitable Estoppel and Pari Delicto

15. Pleading alternatively, except as to Chapter 5 avoidance actions, the Trustee is estopped from seeking to recover any damages from the Defendants under the doctrine of equitable estoppel and/or Pari Delicto based upon the pre-petition conduct of the Debtors.

## Additional Affirmative Defenses

16. Defendants assert and/or reserve the right to assert any additional defenses that may arise during the course of this litigation.

<u>**PRAYER**</u>

Defendants pray that Plaintiff take nothing by this suit; that judgment be entered on behalf of Defendants; and that Defendants recover their costs of suit and reasonable attorneys' fees, and such other and appropriate relief to which Defendants may be otherwise entitled.

Respectfully submitted,

 /s/ Thomas S. Brandon, Jr.
Thomas S. Brandon, Jr.
Texas Bar Number 02881400
tbrandon@whitakerchalk.com

Robert A. Simon
Texas Bar Number 18390000
rsimon@whitakerchalk.com

Rebecca K. Eaton
State Bar Number 24059705
reaton@whitakerchalk.com

**WHITAKER CHALK SWINDLE & SCHWARTZ PLLC**
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
817-878-0532 (direct dial)
817-878-0501 (fax)

**ATTORNEYS FOR BALAZS DEFENDANTS**

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that a true and correct copy of the foregoing document was served, pursuant to the Federal Rules of Civil Procedure, on attorneys for the Plaintiffs and on all counsel appearing herein via ECF on this the 21st day of December, 2017, and specifically on the following via ECF and by email:

David M. Bennett
Nicole Williams
Jennifer R. Ecklund
Thompson & Knight LLP
1722 Routh Street, Suite 1500
Dallas, Texas 75201

 /s/ Thomas S. Brandon, Jr.
Thomas S. Brandon, Jr.